IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| JAMES W. BERRY, Sr., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 5:05-1134 |
| ) | |
| THOMAS McBRIDE, Warden, ) | |
| Mount Olive Correctional Complex, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On December 7, 2005, Petitioner, acting *pro se*, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody and a Memorandum in Support.[1] (Document Nos. 1 and 2.)[2] Petitioner also filed an Application to Proceed *in forma pauperis*. (Document No. 3.) Having conducted a thorough examination of all of the documents which Petitioner has filed in

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] This is the second Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody which Petitioner has filed in this District. He filed his first Petition on September 25, 2001, initiating *Berry v. McBride*, Civil Action No. 3:01-0873. Petitioner claimed, among other things, that a confession he made was involuntary and his attorney was ineffective in a criminal case in Wayne County, West Virginia. The District Court granted Respondent's Motion for Summary Judgment by Judgment Order filed on September 30, 2004, for reasons stated in its Memorandum Order filed on October 1, 2004. (Document Nos. 56 and 57 in Civil Action No. 3:01-0873.) Petitioner appealed, and the Fourth Circuit dismissed his appeal. Petitioner has also filed two Complaints seeking relief under 42 U.S.C. § 1983 in the District Court and one Complaint in the Circuit Court of Wayne County which was removed to the District Court: *Berry v. Kirby, et al.*, Civil Action No. 5:99-0483; *Berry v. Shy, et al.*, Civil Action No. 3:00-0604; and *Berry v. McBride, et al.*, Civil Action No. 5:02-0856. It appears that Petitioner alleged discrimination, retaliation and deliberate indifference to his serious medical needs. The District Court found that Petitioner was not entitled to relief and dismissed these three actions. Petitioner appealed, and the Fourth Circuit affirmed the District Court's decisions.

this matter, the undersigned concludes that it plainly appears that Petitioner is not entitled to relief under § 2254 and this matter must be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

In his Petition (Document No. 1.), Petitioner states three grounds for seeking relief under § 2254 and supporting facts as follows[3]:

1. Denial of due process under the Fourteenth Amendment, Section 1.

Supporting facts: The State Supreme Court failed to address Petitioner's claims on a rehearing given to Respondent, that others are not entitled to, and erred in stating it is not unconstitutional to exempt a State agency from State or federal laws and accountability [Please see Petitioner's Memorandum in Support attached to this with exhibits of facts of constitutional abuses proven.]

2. Cruel and unusual punishment in violation if the Eighth Amendment.

Supporting facts: The State Supreme Court failed/erred in not addressing clear abuses shown in Mandamus No. 30696 and addressed in Petitioner's Memorandum in Support of this habeas proceeding, 8 numbered issues with exhibits.

3. Denial of due process under the Fourteenth Amendment, Section 1.

Supporting facts: The State Supreme Court failed/erred in not keeping Petitioner informed and withholding pertinent information, participation in all aspects of his active case though counsel was present. Petitioner was not given record or information Respondent submitted, Special Master's final recommendations or Court's final decision where this was given to the public on November 30, 2005.

In his Memorandum in Support (Document No. 2.), Petitioner states that "[t]he State Supreme Court

---

[3] In his Petition (Document No. 1.), Petitioner complains about the November 30, 2005, decision of the West Virginia Supreme Court of Appeals in *State ex rel. Berry v. McBride*, 218 W.Va. 579, 625 S.E.2d 341 (2005), in which Petitioner sought a writ of mandamus prohibiting Warden McBride from requiring him to share a cell with another inmate at Mount Olive Correctional Complex.

failed . . . to address given documents and admissions to Fourteenth Amendment violations causing clear Eighth Amendment violations of cruel and unusual punishment to Mr. Berry . . ..” Id., p. 1. Petitioner then states seven ways in which the West Virginia Supreme Court of Appeals erred. First, Petitioner acknowledges that he has no statutory or constitutional right to an individual cell when cells are built for two inmates and claims that the West Virginia Supreme Court of Appeals did not consider facts indicating that his cell was not built for and does not meet State and federal standards for two inmates. Petitioner states that "Mt. Olive cells do not have 30 - 35 square feet of unencumbered space in the cells for one persons minimal standards, as required by law, let alone for two persons. Inmates do spend more than 10 hours a day in cells, the showers are too few, and the unit recreational rooms are too small as well as the ventilation deficient as prove only a few violations of double bunking a prison not built for it." Second, Petitioner states that "[a]s Judge Starcher pointed out in his independent findings, Mr. Berry as other qualified A.D.A. inmates are clearly discriminated against, by the double bunking issue, where retaliation is a tool used in violation of the 8th and 14th Amendments the Judge recognized did exist." Third, Petitioner complains that the West Virginia Supreme Court of Appeals failed "to address the unconstitutional State Legislative Act that amended § 31-20-9 to remove Title 95 from Mount Olive Correctional Complex, creating a State entity that is totally unfettered and exempted from State or Federal laws or accountability." Petitioner claims that Mount Olive Correctional Complex does not have accreditation through the American Correctional Association (A.C.A.) and does not comply with its standards respecting placing inmates in cells together. Fourth, Petitioner complains that the West Virginia Supreme Court's decision in State ex re. Berry v. McBride was made public "long before Mr. Berry [had] any knowledge of it, . . . a clear violation of due process." Petitioner states that staff

3

and inmates at Mount Olive started "unfounded and hurtful rumors" which he could not address because he had no information respecting the Supreme Court of Appeals decision. Fifth, Petitioner claims that the West Virginia Supreme Court of Appeals erred in finding it constitutional to place two inmates in a cell at Mount Olive and in failing to "address the violations of Mr. Berry's 8th and 14th Amendment by doing so, where Judge Starcher saw the A.D.A. discrimination in his independent finding as well as the retaliations done." Sixth, Petitioner asserts that the Supreme Court of Appeals sidestepped his claims indicating its "unwillingness to address issues that have been allowed to go on for years now, not adopting Federal standards if the claim it does not violate State laws or State Constitution to continue these clear violations of federal standards of State prisoners rights." Petitioner claims that "[i]nhumane treatment is normal treatment at Mt. Olive, by removal of accountability to State or federal at Mt. Olive, by the state legislature." Finally, Petitioner states that when he has complained about inhumane treatment at Mt. Olive, those who were required to respond to his complaints were allowed to mention his prior history and he was not allowed to mention their history of bad acts. The Courts, Petitioner claims, have therefore been biased against him. Petitioner goes on to state as follows:

> [I]t is a fact that the State law clearly shows Mr. Berry is being held in state custody illegally and unconstitutionally for years. The Courts do not and did not have jurisdiction by State law and or authority to impose the primary charge of Case No. 96-F-028, after Case No. 97-F-001 was unlawfully imposed, where three fourths of No. 96-F-0028 have and are now discharged imposed punishments. The primary case was not enforceable from the start per Gibson v. Legursky, 187 W.Va. 51, 415 S.E.2d 457, but was applied and enforced against Mr. Berry.
>
> There is and was clear Ex Post Facto application and double jeopardy acts against Mr. Berry in an inhumane manner to incarcerate, and hold, known to the Wayne County Prosecution and State Attorney General's Office as fact for years. This can not be denied by either and Mr. Berry challenges them to prove that state law allows this illegal incarceration and inhumane treatment to continue.

>   This is all well within Mr. Berry's County Habeas No. 05-C-170 of the 24th Circuit Court of Wayne County, that is being sat on with no actions in violation of Habeas Corpus Privilege Right § 14 (16) constitutionally guaranteed right of Mr. Berry.

On January 17, 2006, Petitioner filed nine documents including two Addenda (Document Nos. 7 and 8.), his Case in Chief with Documented Proof (Document No. 9.), his Claim of Unconstitutional Imprisonment (Document No. 10.), his Argument of Applied Law (Document No. 11.), two Exhibits (Document Nos. 12 and 13.), a Motion for Appointment of Counsel (Document No. 14.)[4], and a Certificate of Service (Document No. 15.). In his first Addendum (Document No. 7.), Petitioner indicates that, having received copies of documents which Respondent and the Special Master submitted in proceedings in the Supreme Court of Appeals in May and August, 2005, he takes issue with statements contained in them. In his second Addendum (Document No. 8.), Petitioner contends that the District Court erred in dismissing Berry v. McBride, et al., Civil Action No. 5:02-0856, citing the United States Supreme Court's decision in United States v. Georgia, ___ U.S. ___, 126 S.Ct. 877, 163 L.Ed.2d 650 (2006), and claiming that "State sovereign immunity did not block Mr. Berry's ADA suit within his 1983 case No. 5:02-0856." In his Case in Chief with Documented Proof, Claim of Unconstitutional Imprisonment and Argument of Applied Law (Document Nos. 9, 10 and 11.), Petitioner complains further about the 2005 decision of the Supreme Court of Appeals and abuses and misrepresentations in the various State criminal and *habeas* proceedings and the federal *habeas* and § 1983 proceedings which he has initiated as noted above. Document No. 12, entitled Petitioner's Exhibit G, includes a document entitled Listed United States Constitutional Due Process Violations Documented by which Petitioner claims that 44 violations of constitutional and

---

[4] The undersigned will rule upon Petitioner's Motion for Appointment of Counsel in a separate Order.

West Virginia statutory provisions occurred in criminal proceedings against him in the Circuit Court of Wayne County. Document No. 13, entitled Petitioner's Exhibit H, includes a drawing apparently indicating cell sizes at Mount Olive and documents pertaining to further *habeas* proceedings which Petitioner has apparently initiated in the Circuit Court of Wayne County.

## **DISCUSSION**

The undersigned views the documents which Petitioner has filed as presenting claims respecting (1) the conditions of his confinement and (2) his prosecution, conviction and sentence in the Circuit Court of Wayne County. To the extent that Petitioner is seeking relief under § 2254 based upon errors which he asserts the West Virginia Supreme Court of Appeals committed in State ex rel. Berry v. McBride, 218 W.Va. 579, 625 S.E.2d 341 (2005), his claims must be dismissed. 28 U.S.C. § 2254(a) provides as follows:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Clearly, Petitioner's complaints about the West Virginia Supreme Court of Appeals' decision, that two inmates are placed together in a cell built for one at Mount Olive and that he has experienced discrimination as he has been held in prison there have to do with the conditions of Petitioner's confinement and have nothing at all to do with his prosecution, conviction and sentence requiring that Petitioner be held in custody in the first place. These complaints are therefore not cognizable under § 2254.

To the extent that Petitioner is seeking relief under § 2254 base upon errors which he asserts occurred in the criminal proceedings in the Circuit Court of Wayne County in which he was prosecuted, convicted and sentenced, this matter must be deemed to constitute a second or

successive § 2254 application and dismissed for Petitioner's failure to obtain the authorization of the Fourth Circuit Court of Appeals to proceed with the claims in the District Court pursuant to 28 U.S.C. § 2244(b). 28 U.S.C. § 2244(b) provides as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>    (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>    (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>    (D) The court of appeals shall grant or deny the authorization to file a second or successive application no later than 30 days after the filing of the motion.
>    (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

As noted above, Petitioner file a § 2254 Petition on September 25, 2001, initiating Berry v. McBride, Civil Action No. 3:01-0873. Upon consideration of his claims on their merits, the District Court denied Petitioner relief, and the Fourth Circuit dismissed his appeal. This is, therefore, Petitioner's

second or successive § 2254 application, and it is not evident that Petitioner has obtained the Fourth Circuit's authorization to proceed with it in the District Court.

It therefore plainly appears that Petitioner is not entitled to relief under 28 U.S.C. § 2254 and this matter must be dismissed.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal analysis and **RECOMMENDED** that the District Court **DENY** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody and Application to Proceed *in forma pauperis* (Document Nos. 1 and 3.), **DISMISS** this action and **REMOVE** it from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) *cert. denied*, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352

(1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and mail a copy to Petitioner, who is acting *pro se*, and counsel of record.

Date: April 27, 2006.

R. Clarke VanDervort
United States Magistrate Judge