IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JAMES WILLIAM BERRY, SR.,

          Petitioner,

v.                                CIVIL ACTION NO. 5:05-cv-01134

THOMAS MCBRIDE, Warden,

          Respondent.

**JUDGMENT ORDER**

Petitioner James William Berry, Sr. ("Petitioner") brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By Standing Order entered on July 21, 2004, and filed in this case on December 8, 2005, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation ["PF&R"]. Magistrate Judge VanDervort filed his PF&R on April 27, 2006 [Docket 17]. In that filing, the Magistrate Judge recommended that this Court (1) deny Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Docket 1], (2) deny Petitioner's Application to proceed *in forma pauperis* [Docket 3], (3) dismiss this action, and (4) remove this matter from the Court's docket.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a petitioner "makes general and conclusory

objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Magistrate Judge VanDervort construed the instant action as stating complaints about (1) the validity of Petitioner's state sentence and (2) the conditions of Petitioner's confinement. With regard to Petitioner's complaint about the validity of his state sentence, Magistrate Judge VanDervort recommended the dismissal of that matter because Petitioner previously filed a § 2254 application in this Court,[1] and he did not obtain authorization from the Fourth Circuit Court of Appeals to file a second § 2254 application. The Magistrate Judge recommended the dismissal of Petitioner's conditions of confinement complaints because those issues are not cognizable under § 2254. Petitioner filed objections to Magistrate Judge VanDervort's PF&R on May 3, 2006.

<u>(1) Successive § 2254 Applications</u>

In his objections, Petitioner admits that he had "one . . . prior Habeas in Federal Court [dealing] with his conviction issues[.]" Therefore, Petitioner's instant habeas petition must be dismissed as a second or successive § 2254 petition because he did not obtain the required authorization to file it from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Accordingly, any objection to this finding of the Magistrate Judge is **OVERRULED**.

---

[1] In his PF&R, Magistrate Judge VanDervort noted that Petitioner previously filed an action for habeas corpus relief under 28 U.S.C. § 2254 in this Court, Civil Action No. 3:01-0873. That action was dismissed by Judge Chambers on September 30, 2004.

(2) Conditions of Confinement

With regard to the Magistrate Judge's finding that the conditions of confinement are not actionable by way of a § 2254 Application, Petitioner did not file an objection. In any event, in order to qualify for a writ of habeas corpus under § 2254, Petitioner must demonstrate that he is "in custody" as a result of the disciplinary action he challenges. *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam); *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Because Petitioner's complaints do not affect either the fact or the duration of his custody, habeas relief is inappropriate. *See Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001) (any constitutional challenges to a decision to impose a term of disciplinary segregation must be raised under 42 U.S.C. § 1983 when they can be raised at all); *see also Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (loss of telephone privileges affects the conditions and not the duration of custody and therefore cannot be the basis for a habeas petition). A § 2254 petition is proper only when the prisoner seeks to "get out" of custody in a meaningful sense. *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999). A civil rights action under § 1983 is the appropriate vehicle to challenge the conditions of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). Petitioner is clearly familiar with the proper method for filing § 1983 claims, as this Court has considered three of Petitioner's claims previously.[2]

The PF&R also indicates that Petitioner's conditions of confinement claim is based, at least in part, on alleged erroneous rulings of the West Virginia Supreme Court of Appeals in *State ex rel. Berry v. McBride*, 625 S.E.2d 341 (W. Va. 2005). Petitioner did not object to this characterization

---

[2] Petitioner's three previous § 1983 claims are listed in footnote 2 of the PF&R.

by the Magistrate Judge. Clearly, § 2254 does not afford federal courts the opportunity to sit in direct review of state courts decisions.[3]

(3) Conclusion

Based on the above, this Court adopts the recommendation to dismiss contained in Magistrate Judge VanDervort's PF&R. Accordingly, the Court hereby (1) **DISMISSES** Petitioner's Application for a Writ of Habeas Corpus by a Person in State or Federal Custody [Docket 1], (2) **DENIES** Petitioner's Application to proceed *in forma pauperis* [Docket 3], and (3) directs the Clerk to **REMOVE** this matter from the Court's active docket. The Clerk is further directed to provide a copy of this Order to all counsel of record, Petitioner, *pro se*, and Magistrate Judge VanDervort.

ENTERED: October 5, 2006

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[3] Under the Rooker-Feldman doctrine, lower federal courts generally cannot review state court decisions; rather, jurisdiction "lies exclusively with superior state courts, and, ultimately, the United States Supreme Court." *See Allstate Ins. Co. v. W. Va. State Bar*, 233 F.3d 813, 816 (4th Cir. 2000).